The charge in the instant case did not contain any specific reference whatever to the subject of the presumption of innocence; and the instructions given upon the subject of reasonable doubt were not alone sufficient to meet the requirements of the law. "Even Homer sometimes nods," and we think in this instance the learned and upright trial judge committed reversible error, and that another trial of the case is required. We have reached this conclusion the less reluctantly because of the fact that the great preponderance of the evidence was in favor of the defendant, and the evidence which authorized her conviction was slight and unsatisfactory.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

10776. FINCH *v.* THE STATE.

BLOODWORTH, J. This case is a companion one to that of *Finch* v. *State*, ante, 339, and is controlled by the opinion in that case.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 4, 1919.

Description of this case and the counsel therein are the same as in the case cited in the decision.

10778. BARKSDALE *v.* THE STATE.

LUKE, J. 1. The court substantially charged as requested by the defendant, and, in view of the evidence, the charge of the court was most fair to the defendant.

2. The evidence amply authorized the jury to find that the defendant was in possession of many gallons of whisky, and of material and equipment for making more. He had in his house clothes and shoes covered with the "slops" from the still, etc. The trial court approved the verdict; no error of law is shown; the defendant had a fair trial by a jury of his people; and it was proper to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 4, 1919.

Indictment for possession of intoxicating liquor; from Lincoln superior court—Judge Walker. June 23, 1919.

*Colley & Colley,* for plaintiff in error.

*R. C. Norman, solicitor-general,* contra.